# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ABAGAIL JUNKER | : | |
| 12034 Freestone Ct. | : | |
| Cincinnati, OH 45240 | : | |
| | : | |
|     Plaintiff, | : | Case No. |
| | : | |
|   v. | : | |
| | : | |
| TRANS WORLD ENTERTAINMENT, | : | **COMPLAINT** |
| CORPORATION d/b/a FYE FOR YOUR | : | |
| ENTERTAINMENT | : | |
| 38 Corporate Circle | : | |
| Albany, NY 12203 | : | **DEMAND FOR TRIAL BY JURY** |
| | : | |
| | : | |
|     Defendant. | : | |

## I. PRELIMINARY STATEMENT

Abagail Junker is a young woman who is able to work with the assistance of a registered service dog.  In 2017, Ms. Junker was hired by Trans World Entertainment Corporation to work in one of its "FYE" stores in the Tri-County mall, in Cincinnati, Ohio.  Ms. Junker and her service animal worked in the defendant's store without difficulty until the day the employer's human resources department delivered an edict that Ms. Junker could no longer bring her service dog to work.  The defendant ultimately fired Ms. Junker for reporting to work with her service animal, in accordance with its self-professed "policies, practices and procedures."  This action seeks to remedy this unlawful discrimination and wrongful termination.

## II. PARTIES AND JURISDICTION AND VENUE

1. Abagail Junker ("Ms. Junker") is a citizen of the United States residing in Hamilton County, Ohio who was an employee of the defendant, as per 42 U.S.C. §12111 et seq., and O.R.C. §4112.01(A)(3) during all relevant periods.

2. Upon information and belief, Trans World Entertainment Corporation is a New York corporation doing business as For Your Entertainment ("FYE"). During all relevant periods FYE operated a store in the Southern District of Ohio and was Ms. Junker's employer as per 42 U.S.C. §12111 and O.R.C. §4112.01(A)(2).

3. Ms. Junker filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), under EEOC Charge No. 473-2018-00338, alleging FYE discriminated against her and failed to reasonably accommodate her disability, in violation of law.

4. The EEOC found evidence that substantiated Ms. Junker's charge and thereafter, on June 6, 2018, issued a Dismissal and Notice of Rights letter permitting the initiation of this action.

5. This Honorable Court now has jurisdiction over Ms. Junker's federal claims under 28 U.S.C. §1331 and 1343 (3) and (4) and this court may exercise supplemental jurisdiction over her pendent state law claims under 28 U.S.C. §1367.

6. 28 U.S.C. §1391(c)(2) and (d) renders venue appropriate in this district.

## III. STATEMENT OF FACTS

7. Ms. Junker incorporates all preceding allegations as stated above and herein states further as follows:

8. Ms. Junker was employed by FYE to work in its store in the Tri-County Mall in Cincinnati, Ohio.

9. When she applied for the position, Ms. Junker was asked to complete an application that contained, in part, a disability related inquiry.

10. Ms. Junker suffers from PTSD, Anxiety, and Depression, mental health disabilities that impair her thinking, concentrating, and her ability to communicate information.

11. Ms. Junker has a registered service dog to assist with the sequelae of her disability.

12. When she was hired by FYE, Ms. Junker requested as an accommodation that she be permitted to bring her registered service dog to work.

13. FYE's local general manager approved Ms. Junker's request and allowed Ms. Junker to work with her service dog present at the store.

14. Ms. Junker worked at FYE for several weeks along with her service animal. The general manager of the store made a bed made for Ms. Junker's service dog behind a counter in a part of the store where only employees were permitted.

15. After several weeks of working with her service animal accommodation Ms. Junker received a call on or about December 9, 2017 from her general manager informing her that FYE would no longer permit Ms. Junker to bring her service dog to work with her.

16. Ms. Junker called her district manager to discuss this change and she was told that the decision had come from FYE's human resources department.

17. Ms. Junker called the human resources department asking for an explanation as to why, after several weeks, FYE could no longer accommodate her service animal.

18. FYE initially stated they could not approve her request for accommodation because they did not have appropriate documentation concerning the licensure of Ms. Junker's service animal. FYE asked for registration certificates, which Ms. Junker provided to FYE's human resources department electronically very same day.

19. Nevertheless, when she again reported to work on December 13, 2017 Ms. Junker was told by her general manager that she was suspended and directed her to contact FYE's human resources manager.

20. On December 14th, 2017 FYE's human resources manager terminated Ms. Junker's employment over the telephone.

21. During that telephone conversation Ms. Junker was told she was terminated because she came to work not willing to work under FYE's guidelines, that is, without her service dog.

22. Ms. Junker was told that FYE had an employment "policy, practice and procedure" that did not permit her to bring a service animal to work. Ms. Junker was also told that she was a "seasonal employee" and thus could be terminated at will.

23. Ms. Junker filed a charge of discrimination with the EEOC.

24. After investigation, the EEOC concluded there was reasonable cause to conclude that the law had been violated by FYE's actions and issued Ms. Junker her right to sue letter.

25. Ms. Junker sustained economic losses as well as embarrassment, humiliation, and severe emotional distress as a result of her termination by FYE.

## IV. FIRST CAUSE – ADA/ADAAA

26. Ms. Junker incorporates all preceding allegations as stated above and herein states further as follows:

27. Ms. Junker's PTSD, Anxiety, and Depression are mental impairments that substantially limit one or more major life activities and thus constitute a disabilities under the ADA/ADAAA.

28. FYE discriminated against Ms. Junker on the basis of her disabilities in violation of law when it refused to provide her with the reasonable accommodation of allowing her to bring her service animal with her to work and, thereafter, by terminating her employment.

29. FYE's violation of law has caused Ms. Junker to sustain damages including embarrassment, humiliation, severe emotional distress and economic loss.

## V.  SECOND CAUSE - OHIO CIVIL RIGHTS ACT, § 4112.99

30. Ms. Junker incorporates all preceding allegations as stated above and herein states further as follows:

31. FYE's actions as detailed previously also constitute an unlawful discriminatory practice in violation of O.R.C. § 4112.02.

32. FYE's violation of Ohio law has caused Ms. Junker to sustain damages including embarrassment, humiliation, severe emotional distress and economic loss.

## VI.  DEMAND FOR RELIEF

WHEREFORE, Plaintiff, Abagail Junker seeks judgment against Trans World Entertainment Corporation, as follows:

(a) for an Order that it take corrective action to restore her employment and create a lawful work environment, free of retaliation and hostility toward her;

(b) for damages to restore back pay and other economic losses and benefits in an amount to be proven at trial;

(c) for compensatory damages in an amount to be proven at trial;

(d) for an award of his reasonable attorney's fees, costs, and other disbursements necessary for the prosecution of this claim; and

(e) for all such additional relief as the Court deems just and proper.

Respectfully submitted,

_____
Gregory A. Napolitano (0068671)
*Laufman Napolitano, LLC*
4310 Hunt Road
Cincinnati, Ohio 45242
(513) 621-4556(t)
(513) 621-5563 (f)
gnapolitano@LN-lawfirm.com
Counsel for Plaintiff, Abagail Junker

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

_____
Gregory A. Napolitano (0068671)